IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| JAMES JACKSON CARSWELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CV 112-066 |
| ) | |
| Sheriff CLAY WHITTLE, et al., ) | |
| ) | |
| Defendants. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff commenced the above-captioned case pursuant to 42 U.S.C. § 1983, and is proceeding *pro se* and paid the $350.00 filing fee. The matter is now before the Court on Plaintiff's motion for entry of default. (Doc. no. 20.) For the reasons stated below, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's motion for entry of default be **DENIED**.

### I. BACKGROUND

Because Plaintiff is a *pro se* party who has paid the $350.00 filing fee, he was instructed twice before he submitted the instant motion that it is his responsibility to serve Defendants within 120 days of filing his complaint and that Defendants are not required to waive service.[1] (See doc. nos. 4, 6.) In particular, because he erroneously filed the "Notice

---

[1] Though the instant motion was not filed with the Clerk of Court until October 9, 2012, Plaintiff dated it August 28, 2012. (See doc. no. 20, pp. 1, 3.) In an abundance of caution, the Court will assume that Plaintiff submitted the motion to prison officials for filing on August 28, 2012. The Court notes, however, that Plaintiff was instructed a third time

Of A Lawsuit and Request To Waive Service Of A Summons" and "Waiver Of The Service Of Summons" forms with the Court on May 17, 2012, Plaintiff was instructed again, by this Court's Order dated July 25, 2012, that he needed to serve these forms on Defendants, not the Court, and that Defendants are not obligated to waive service. (See doc. no. 6.)

Moreover, when the 120 days for effecting service elapsed, Plaintiff had still failed to provide proof of service of Defendants. Accordingly, the Court issued a Show Cause Order on September 11, 2012, in which it gave Plaintiff an additional fourteen (14) days to show cause why the unserved Defendants should not be dismissed for Plaintiff's failure to effect service upon them. (See doc. no. 11.) Plaintiff timely responded to the Court's September 11, 2012 Show Cause Order, but he did not indicate that he had made any attempts to have personal service effected on Defendants, nor did he offer proof of service of any Defendants. (See doc. no. 12.) Rather, Plaintiff requested that the Court order the United States Marshal to direct service on Defendants.[2] (See id.) Accordingly, the record still fails to reflect that any Defendants have been properly served.

## II. DISCUSSION

In the instant motion, Plaintiff asserts that he is entitled to entry of default because the "above listed defendant did not respond to the Waiver of Service of Summons."[3] (Doc.

---

about his obligation to effect service on Defendants in the Court's Show Cause Order dated September 11, 2012.

[2] In a simultaneously issued Order, the Court has denied Plaintiff's request for the Court to order the Marshal to direct service.

[3] Notably, Plaintiff does not actually list which Defendant or Defendants against whom he seeks an entry of default. (See doc. no. 20, p. 1.) In any event, because the Court has recommended denying Plaintiff's motion based on his failure to provide proof of service

2

no. 20, p. 1.) "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). A defendant's obligation to respond does not arise, however, until he has been served with the summons and complaint or has waived service. See Fed. R. Civ. P. 12(a). Accordingly, default is not available against a party who has not been properly served with process. See Scott v. District of Columbia, 598 F. Supp. 2d 30, 36 (D.D.C. 2009) ("Default cannot be entered where there was insufficient service of process."); Maryland State Firemen's Ass'n v. Chaves, 166 F.R.D. 353, 354 (D. Md. 1996) ("It is axiomatic that service of process must be effective under the Federal Rules of Civil Procedure before a default or a default judgment may be entered against a defendant."); Dahl v. Kanawha Inv. Holding Co., 161 F.R.D. 673, 685 (N.D. Iowa 1995) (noting that plaintiffs who could not show proper service could not show the defendants failed to plead or otherwise defend under Rule 55(a)).

In the instant case, Plaintiff has failed to provide proof of service on any Defendant, even after this Court's issuance of a Show Cause Order on September 11, 2012. Indeed, the instant motion is premised not on Defendants' failure to plead or otherwise defend, but rather on their failure to "respond" to the waivers of service of summons (see doc. no. 20, p. 1), despite the Court having twice instructed Plaintiff that Defendants are not required to waive service (see doc. nos. 4, 6). Accordingly, Plaintiff's motion for entry of default should be

---

on any Defendant, this omission is immaterial.

3

denied.[4]

## III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's motion for entry of default be **DENIED.** (Doc. no. 20.)

SO REPORTED and RECOMMENDED this 24th day of October, 2012, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

---

[4]The Court is aware that two Defendants have answered the complaint and filed a joint motion to dismiss. (See doc. nos. 13, 14, 15.) Plaintiff is also not entitled to entry of default against these Defendants because they have not "failed to plead or otherwise defend." See Fed. R. Civ. P. 55(a).

4